354

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD OVERTURF, Defendant-Appellant.

(No. 11866; ▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—May 16, 1973.

Kenneth L. Gillis, Defender Project, of Chicago, (Brian David, Senior Law Student, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Wayne Golomb, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The defendant was admitted to bail in connection with a burglary charge pending against him in the circuit court of Sangamon County. He left the state and failed to appear in connection with that proceeding. About six months later, the defendant surrendered and the instant offense of violation of bail bond was filed. The defendant entered a plea of guilty. His petition for probation was denied and a sentence of not less than 1 nor more than 3 years was imposed. The sentence as imposed was made to be concurrent with a sentence of not less than 1 nor more than 10 years in the Illinois State Penitentiary in the burglary case. That case is on appeal in this court as our general number 11861.

In this appeal, the defendant urges only that the trial court abused its discretion in the denial of the petition for probation. We do not agree and affirm the judgment and the sentence.

The defendant has a prior record of felony convictions. He was convicted of the mentioned burglary offense in 1971. The sentence there imposed and this sentence are, as we indicated, concurrent. There is nothing in this record, nor in the record of the defendant, that suggests that this court could or should find an abuse of discretion of the trial court in the imposition of sentence. The sentence here imposed is the statutory

minimum and a review of this sentence in view of the burglary sentence and conviction is somehow lacking in reality. A sentence for burglary and a concurrent probation would indeed appear to be anomalous. The judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

SIMKINS and SMITH, JJ., concur.